UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WARRIOR SPORTS, INC.,
a Michigan corporation,

       Plaintiff,

v.

PERFORMANCE LACROSSE
GROUP INC., d/b/a MAVERIK
LACROSSE, a Delaware corporation,

       Defendant.
_____/

Case No.

Hon.

**COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff Warrior Sports, Inc. brings its Complaint against Defendant Performance Lacrosse Group Inc., d/b/a Maverik Lacrosse, stating as follows:

### The Parties

1. Plaintiff Warrior Sports, Inc. ("Warrior") is a Michigan corporation having its principal place of business in Warren, Michigan. Warrior is a sports equipment manufacturer that manufactures and sells, among other things, lacrosse heads.

2. Upon information and belief, Defendant Performance Lacrosse Group Inc., d/b/a Maverik Lacrosse ("Maverik") is a Delaware corporation, with a principal place of business at 535 West 24th Street, 5th Floor, New York, New York 10011-1140. Maverik is also a sports equipment manufacturer who manufactures and sells, among other things, lacrosse heads.

**Jurisdiction and Venue**

3.  This is an action for patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq*.

4.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States.

5.  Upon information and belief, Maverik makes, sells, and offers for sale lacrosse heads throughout the United States and has systematic and continuous dealings within this District.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

**Allegations and Claim for Relief**

7.  For many years, Warrior has continuously engaged in the development, manufacture, and sale of a wide variety of athletic products.  As a result, Warrior quickly bypassed other manufacturers and has become one of the premiere sources of sports equipment.  The athletic products at issue in this litigation are lacrosse heads.

8.  Warrior has taken steps over the years to protect its innovative sports equipment, including lacrosse heads.  In particular, Warrior is and has been the sole owner by assignment of all right, title, and interest in United States Design Patent No. D699798 ("the '798 Patent"), titled "Lacrosse Head," issued February 18, 2014.  (**Exhibit 1**.)

9. At all times relevant to this litigation, Warrior has executed appropriate patent marking in connection with products embodying the patented invention, thus providing notice of the '798 Patent.

10. Warrior is entitled to sue for past, present, and future infringement of the '798 Patent.

11. Maverik is in the business of manufacturing or having manufactured, offering to sell, selling or importing into the United States various lacrosse products, including lacrosse heads, in competition with major manufacturers, including Warrior.

12. Maverik has, without authority or license from Warrior, made, used, offered to sell, sold or imported into the United States lacrosse heads that are covered by the '798 Patent.  The infringing lacrosse heads include, but are not limited to, the Tank lacrosse head.  (**Exhibit 2.**)

13. Maverik sells the Tank lacrosse head throughout the United States and within this District.  Specifically, but without limitation, Maverik's website, maveriklacrosse.com, includes a dealer locator that identifies local retailers that market, offer to sell, and sell the Tank lacrosse head.  These retailers include a number of online retailers, including Lacrosse Monkey (lacrossemonkey.com), LAX World (laxworld.com), Sport Stop (sportstop.com) and Universal Lacrosse

(universallacrosse.com), as well as other retailers that sell online and through physical stores, such as Dick's Sporting Goods, a national sporting goods retailer.

14. Upon information and belief, Maverik expressly authorizes and continues to authorize the sale of the Tank lacrosse heads.

### COUNT I: Infringement of the '798 Patent by Maverik

15. Warrior incorporates by reference all preceding paragraphs.

16. Warrior is the owner by assignment of all right, title, and interest in and to the '798 Patent.

17. Maverik has been and still is making, using, offering to sell, selling or importing into the United States lacrosse heads, including, but not limited to, the Tank lacrosse head, which infringe the '798 Patent in violation of 35 U.S.C. § 271(a).

18. Maverik's continued infringement of the '798 Patent has damaged and will continue to damage Warrior.

19. By reason of Maverik's infringement of the '798 Patent, Warrior has been irreparably harmed, and unless and until Maverik is enjoined by this Court, Warrior will continue to suffer irreparable damage and injury for which it has no adequate remedy at law.

**WHEREFORE**, Warrior respectfully requests the following relief:

A. Judgment that Maverik has infringed and actively induced others to infringe the '798 Patent;

B. A permanent injunction enjoining Maverik, its officers, employees, agents, and all others acting in concert with it or participating with it from further infringement and/or inducement of infringement of the '798 Patent;

C. An award of damages adequate to compensate Warrior for Maverik's infringement, but in no event less than Warrior's actual profits as provided under 35 U.S.C. § 289 or a reasonable royalty under 35 U.S.C. § 284;

D. Enter an order awarding Warrior interest on the damages awarded and its costs pursuant to 35 U.S.C. §§ 284, 289; and,

E. Award such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Warrior demands a trial by jury.

Respectfully submitted,

Dated: December 4, 2014

By: /s/ R. Michael Azzi
Douglas A. Dozeman (P35781)
Janet Ramsey (P63285)
Homayune Ghaussi (P63028)
R. Michael Azzi (P74508)

*Attorneys for Plaintiff Warrior Sports, Inc.*

11757376.2

5